■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE HAWKINS, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered May 25, 1979, upon a verdict convicting defendant of the crime of assault in the third degree. On November 23, 1977, a Chemung County Grand Jury indicted defendant, charging him with assault in the second degree in violation of subdivision 3 of section 120.05 of the Penal Law. The indictment was the direct result of an altercation at the Elmira Correctional Facility involving the defendant and two correctional officers, as well as another inmate, Larry Johnson. Approximately one year and two months later, the defendant was brought to trial on the indictment and was convicted of assault in the third degree. The sole issue on this appeal is whether the delay between the date of the indictment and the date the People were ready for trial violated defendant's right to a speedy trial. The applicable statute, CPL 30.30, provides defendant with an unambiguous right to a speedy trial. Under this statute, the People are required to be ready for trial within six months of the commencement of the action. However, "In computing the time within which the people must be ready for trial", certain time periods enumerated in CPL 30.30 (subd 4) are tolled or excluded. Preliminarily, we note that under CPL 30.30 there are two critical dates which can be viewed as the termini to be considered in ascertaining whether defendant was given a trial within six months, excluding time periods specified in CPL 30.30 (subd 4). The date upon which the six-month speedy trial time limitation begins to run is the date the criminal action is commenced. In the instant case, that date is November 23, 1977, the day of the indictment. The date the six-month time period ends is the date when the People are ready for trial. The People have the burden of communicating their readiness for trial to the court on the record *(People v Hamilton,* 46 NY2d 932). Nowhere on the record in the instant case did the People communicate their readiness to proceed prior to the trial date of January 29, 1979. Thus, that date is deemed the first instance of prosecutorial readiness. Since the period between the indictment and the date the People were ready for trial in the instant case exceeds six months, the defendant's contention that he was denied a speedy trial must be sustained unless the People can demonstrate that within that 14-month period there were portions of time excludable in computing the six-month limitation (CPL 30.30, subd 4; *People v Hamilton, supra; People v Giordano,* 73 AD2d 824). The parties are in agreement that the 66-day period from November 29, 1977 to February 3, 1978, during which readiness for trial

was delayed due to adjournments at defendant's request, to enable him to obtain counsel and to prepare motions, is excludable. In addition, the period from December 18, 1978 to January 22, 1979, 36 days, is agreed to be excludable, having resulted from the submission and determination of defendant's motion to dismiss the indictment on speedy trial grounds. Of the remaining portion of the 14-month period, some 11 months, the People concede approximately five and one-quarter months are not excludable. Thus, the only period of delay over which the parties disagree is a five and three-quarter month delay from June 21, 1978, the date on which defendant requested the trial transcript of the criminal prosecution of Larry Johnson, the other inmate involved in the altercation, to December 12, 1978, the date when he received the transcript. Defendant requested the transcripts from the Chemung County Court. The People contend that the five and three-quarter month delay is excludable for various reasons. First, the People argue that the request for the *Johnson* trial transcript was a "reasonable period of delay resulting from other proceedings concerning the defendant" citing CPL 30.30 (subd 4, par [a]). We reject this argument because defendant was a mere witness at the *Johnson* trial and, therefore, it was not a "proceeding concerning the defendant" within the meaning of CPL 30.30 (subd 4, par [a]). Moreover, whether defendant had received the *Johnson* trial transcript from the Chemung County Court is not determinative of his right to a speedy trial under CPL 30.30, a statute which relates solely to prosecutorial readiness and not to the defendant's readiness *(People v Hamilton,* 46 NY2d 932, 933-934, *supra).* The People further contend that the delay caused by defendant's request of the trial transcript is excludable because it constituted "a continuance granted by the court at the request of * * * the defendant" citing CPL 30.30 (subd 4, par [b]). We disagree since such a contention is not supported by the record. Defendant merely requested the trial transcript to facilitate his defense and it cannot be interpreted as a request to delay trial. In sum, we conclude that more than six months had passed from the commencement of the criminal action to the time when the People were ready for trial notwithstanding periods excludable pursuant to CPL 30.30 (subd 4). Accordingly, defendant's conviction must be reversed and the indictment dismissed. Judgment reversed, on the law, and indictment dismissed. Mahoney, P. J., Sweeney, Main and Mikoll, JJ., concur.

Kane, J., dissents and votes to affirm in the following memorandum. Kane, J. (dissenting). The time which elapsed between defendant's request for portions of a trial transcript and the date he received such minutes was properly excludable under CPL 30.30 (subd 4, par [b]). True, his attorney did not specifically ask for a continuance, but it is noteworthy that the letter requesting those materials was directed to the trial court and not the stenographer who recorded the former proceedings. At the very least, defendant's action should be regarded as consenting to a continuance of indefinite duration while the minutes were being transcribed. The prosecution, having no control over the production of the transcript, was aware of defendant's application and it should not be penalized for failing to insist that he formally request an adjournment. Whether the prosecution was otherwise ready for trial within this period is academic because, in my opinion, defendant has not identified unexcused delay in excess of six months (cf. *People v Dean,* 45 NY2d 651, 656). Since he was not deprived of a speedy trial in violation of any constitu-

tional rights, and since no additional grounds for reversal have been presented, the judgment convicting defendant of assault should be affirmed.