■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY JACKSON, Also Known as GARY JAMESON, Appellant. — Appeal from a judgment of the County Court of Clinton County (Feinberg, J.), rendered May 30, 1980, upon a

verdict convicting defendant of the crimes of criminal possession of a controlled substance in the first degree and criminal possession of marihuana in the first degree. Defendant was indicted on January 29, 1979, after a search of two lockers at the Greyhound Bus Depot in Plattsburgh, New York, on December 28, 1978 disclosed a quantity of cocaine and marihuana. The lockers were opened with keys obtained from defendant after his arrest upon another charge at a motel near Montreal, Canada. The charges in Canada resulted in a conviction for the illegal possession of drugs and a sentence of incarceration for 14 months in that jurisdiction. During this period defendant's whereabouts were known to the District Attorney of Clinton County, and, upon his release by Canadian authorities, defendant was arrested at the border by local police on February 12, 1980 and arraigned the next day on the within indictment. The trial commenced on April 30, 1980. On this appeal, defendant argues that his motion for dismissal of this indictment because of a violation of his right to a speedy trial should have been granted. We agree. CPL 30.30 (subd 1, par [a]) provides in relevant part that a motion to dismiss the indictment must be granted where the People are not ready for trial within: "six months of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a felony". Since the measuring period begins with the date of the indictment, January 29, 1979, and ends with commencement of the trial, April 30, 1980, there is a lapse of 15 months, during which time there has been no showing by the People that they were ready for trial at any time within that period (see *People v Hawkins,* 79 AD2d 743). Accordingly, it became the burden of the People to show that the delay in bringing defendant to trial should be excused (*People v Berkowitz,* 50 NY2d 333). This they have failed to do. CPL 30.30 (subd 4) provides in part: "4. In computing the time within which the people must be ready for trial pursuant to subdivisions one and two, the following periods must be excluded: * * * (e) the period of delay resulting from detention of the defendant in another jurisdiction provided the district attorney is aware of such detention and has been diligent and has made reasonable efforts to obtain the presence of the defendant for trial". Although, admittedly, the People knew defendant was incarcerated in Canada, the arrest warrant dated January 29, 1979, was not forwarded and no effort was made to return defendant to Clinton County. The People seek to be excused from this delay on the grounds that there was no extradition treaty or other means to remove defendant to the United States for trial. While there is no question as to the good faith of this argument, it is plainly erroneous. On March 26, 1976, the United States and Canada exchanged instruments of ratification of the Treaty on Extradition Between the United States of America and Canada. That treaty, in force at all relevant times herein, expressly provides for the extradition of any person charged with: "[o]ffenses against the laws relating to the traffic in, production, manufacture, or importation of narcotic drugs, Cannabis sativa L., hallucinogenic drugs, amphetamines, barbiturates, cocaine and its derivatives" (27 UST 998). Since the treaty is public law of the United States, this court must take judicial notice of it (see CPLR 4511; Richardson, Evidence [10th ed], § 19, p 12). The People have failed to show that the delay in prosecuting defendant was excusable, for their failure to exercise their powers under the existing treaty belies any claim of due diligence on their part (see *People v McLaurin,* 38 NY2d 123, 126). Judgment reversed, on the law, motion by defendant granted, and indictment dismissed. Mahoney, P. J., Sweeney, Kane, Main and Yesawich, Jr., JJ., concur.