OPINION OF THE COURT
Robert L. Estes, J.
The Law Guardian for the respondent in this juvenile delinquency proceeding has moved the court for an order dismissing the petition on the ground that "the delay and prosecution of the petition violated his rights to due process of *750 law under the Constitutions of the United States and the State of New York.”
The petition was filed December 6, 1985. It alleges that on or about February 2, 1985 the respondent committed acts which would constitute the class A misdemeanor of assault in the third degree, if committed by an adult. The petition is accompanied by a supporting deposition of the alleged victim of the assault, and appears to have been signed by the deponent and a witnessing New York State Trooper on February 2, 1985.
An appearance ticket issued by the New York State Police required the appearance of the respondent at the Delaware County Probation Department on February 27, 1985. A letter from a probation officer to the presentment agency dated February 27, 1985 indicates that the respondent and his mother were interviewed that day, and that they denied the allegations. The letter stated that the case was being referred because of the denials by the respondent. According to the affidavit of the presentment agency, the letter was accompanied by a supporting deposition. The affidavit indicates further that the presentment agency took no action because it appeared "that the matter was little different from the garden variety school yard fight”, and that action was not taken by the presentment agency until it learned in December of 1985 that injuries to the victim’s teeth had resulted in medical costs of approximately $350. No other reason is given by the presentment agency for the 39 weeks’ delay between the date of transmittal to it of the information required to commence the proceeding and the commencement of the proceeding.
A general legislative scheme directed toward prompt consideration and disposition of juvenile delinquency cases is expressed throughout Family Court Act article 3. Appearance tickets must be returnable before the probation service no later than 14 days after their issuance. (Family Ct Act § 307.1 [2].) If a child fails to appear, the probation service must refer the case to the presentment agency within seven days. (Family Ct Act § 307.2 [1].) If attempts at adjustment have failed, the presentment agency must be notified within 48 hours or the next court day. (Family Ct Act § 308.1 [10].) Both general and specific provisions are made for prompt fact finding after the filing of a petition. (Family Ct Act §§ 310.2, 340.1.) In the absence of specific statutory provisions relating to the interval between adjustment and filing of a petition, the court must resort to general due process considerations.
*751 By suggesting that "due process for adults and due process for juveniles is not necessarily identical”, the presentment agency has raised the issue of the applicability to juvenile proceedings of case law principles which address the right of an adult person accused of crime to prompt consideration of the charges against him.
There is no doubt that the due process clause of the Federal Constitution is applicable in juvenile proceedings. (Schall v Martin, 467 US 253, 263.) Ascertainment of the impact of the due process requirement upon such proceedings requires that a court strike a balance which will at once respect the informality and flexibility that characterized juvenile proceedings, and yet insure that such proceedings comport with the "fundamental fairness” demanded by the due process clause. Employing such a process, the Supreme Court of the United States has determined that due process for juveniles does not require trial by jury (McKeiver v Pennsylvania, 403 US 528), and that due process does not prohibit pretrial detention of accused juvenile delinquents. (Schall v Martin, supra.) In each instance, the court’s determination turned upon the special considerations which differentiate cases involving juveniles accused of criminal acts from cases involving adults accused of criminal acts. No such differentiation can reasonably be drawn when considering the issues raised by claims of pretrial delay of prosecution. Considerations relating to the effects of delay upon the accused and upon the public are identical whether the prosecution is of a juvenile or of an adult. Those effects are hereinafter discussed.
It is apparent to this court that the due process provisions of both the Federal and State Constitutions require that commencement of a prosecution for allegedly criminal acts not be unreasonably delayed, whether the accused is a juvenile or an adult. (Matter of Patrick G., 92 Misc 2d 126.)
The moving papers do not allege actual prejudice, which must be shown in order for the court to find a violation of the due process rights secured to the respondent by the Federal Constitution. (United States v Marion, 404 US 307; United States v Lovasco, 431 US 783.) The due process requirements of the New York State Constitution, however, are broader than the right to a speedy trial guaranteed by the 6th Amendment to the Federal Constitution. In a proper case, "a lengthy and unjustifiable delay in commencing the prosecution may require dismissal even though no actual prejudice to the defendant is shown”. (People v Singer, 44 NY2d 241, 253-254.)
*752 Although the Criminal Procedure Law does not apply to juvenile delinquency proceedings except as specifically provided by the Family Court Act, the courts are expressly authorized to consider judicial interpretations of appropriate provisions of the Criminal Procedure Law to the extent that such interpretations may assist the court in interpreting similar provisions of article 3. (Family Ct Act § 303.1.)
The Legislature has chosen to omit from article 3 any provision similar to the statutory limitations for commencement of action contained in CPL 30.10. In light of this omission, acceptance of the presentment agency’s argument that a respondent’s right to speedy fact finding does not "attach” until a petition is filed compels the conclusion that commencement of a prosecution for juvenile delinquency based on misdemeanor acts could be postponed for decades, without regard to the two-year limitation set forth in CPL 30.10. Since such a conclusion is patently at variance with the concept of fundamental fairness, the court will be guided in this case by principles in reported cases involving adult offenders.
The "attachment” argument of the presentment agency ignores the fundamental concepts recognized and articulated by the Court of Appeals.
"[I]n determining basic fairness to the defendant — which requires the State to minimize delay and, hence, anxiety attending a pending charge — we cannot always ignore the period preceding the formal filing of the accusatory instrument. A realistic appraisal must take this period into account when, as here, long before the defendant was formally charged the police informed him in no uncertain terms that they knew he committed the crime and that it was hanging over his head — as indeed it was. This, together with the other factors noted above, should make it clear that there is more at stake in this case than actual prejudice to the defendant’s ability to defend himself at trial”. (People v Singer, 44 NY2d 241, 253, n 2.)
"The public also has a need for prompt prosecution of criminal offenders, for many reasons. For example, seeking or obtaining convictions long after the offense was committed disrupts the rehabilitation process * * * and penal sanctions lose much of their deterrent value when justice is delayed.” (People v Singer, 44 NY2d 241, 254, supra.)
A person put on notice of a contemplated criminal proceeding who is allowed for an unreasonable time to remain in *753 "legal limbo” is denied due process absent a prosecutorial justification for the delay. (Matter of Anthony P., 104 Misc 2d 1024, 1026 [citing People v Staley, 41 NY2d 789, 793].)
The Court of Appeals has suggested that five factors be examined by a court in balancing the merits of an assertion that there has been a denial of a constitutional right to a speedy trial. (People v Taranovich, 37 NY2d 442, 446.) These factors will now be considered.
Since the respondent in this case is not detained, there has been no extended period of pretrial incarceration.
The nature of the alleged acts of delinquency are succinctly summarized in the presentment agency’s own initial analysis of the case as one "little different from the garden variety school yard fight”.
The presentment agency offers no reason for the delay other than its lack of knowledge until nine months from the referral of the seriousness of the alleged injuries. Notwithstanding the statement in the supporting deposition that the alleged blow caused swelling and bleeding of the claimant’s mouth, it appears that the presentment agency did not investigate further, but determined initially not to initiate a proceeding.
If a proceeding is not originated within 30 days of receipt of notice from a Probation Department that the case has not been adjusted, the presentment agency is required to notify the complainant in writing. (Family Ct Act § 310.1 [3].) It is unlikely that a complainant having received such notice would fail to promptly give the presentment agency notice of the seriousness of the injuries claimed, if the injuries were, in fact, caused by the acts charged to the respondent.
In any event, neither the presentment agency’s failure to sooner ascertain the extent of injury nor its recent discovery of the claimed cost of the alleged victim’s medical treatment is a sound reason for the delay. Such information was not necessary for fact finding. There is no claim that either substantial pain or impairment of physical condition of the alleged victim was not manifested at the time of initial referral to the presentment agency, or that the presentment agency was somehow obstructed or prevented from sooner learning the full extent of the alleged injuries. (Penal Law § 10.00 [9]; § 120.00.)
A good-faith determination by presentment agency to defer commencement of a juvenile delinquency prosecution for investigative or other sufficient reasons will not deprive a re *754 spondent of due process, even though the delay may cause some prejudice to the defense. A nine-month delay for prosecution of a case admittedly "little different from the garden variety school yard fight” might be justified in some circumstances. For example, an impediment to investigation, an unduly burdensome caseload, or even inadvertence or clerical error might excuse a lengthy delay. The presentment agency’s affidavit suggests that but for having learned of the seriousness of the alleged injury in December 1985, a period of delay might have been still longer.
While a presentment agency undoubtedly has discretion to determine which cases to prosecute, it clearly has a duty both to the public and to the accused to prosecute diligently those cases chosen for prosecution.
In any proceeding under article 3, the court is mandated to consider the "needs and best interests of the respondent as well as the need for protection of the community.” (Family Ct Act § 301.1.) There is no suggestion that the Legislature intended that juvenile delinquency proceedings prosecuted at public expense should substitute for a civil action at law to recover money damages based upon the general liability of an infant for his tortious acts. In fact, the drastic legislative revision of juvenile delinquency procedures by Laws of 1982 (ch 920) eliminated the former right of a private party to initiate juvenile delinquency proceedings. It has been noted that the legislative revision "grants the prosecution the tools it needs for effective presentment * * * [which] * * * could be seriously compromised if the petition remained the instrument of a private aggrieved party”. (Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29a, Part 1, Family Ct Act § 310.1, p 328.)
In this case, the court need not determine the respondent’s claim that the defense has been impaired by reason of the delay. Even if there is no actual prejudice to the respondent, the concerns expressed herein and in Singer (supra) require dismissal of the petition.
Taking into account all of the facts and circumstances, the court finds that the delay in commencement of the prosecution of this juvenile delinquency proceeding violated the constitutional rights of the respondent to due process. There is no reasonable cure for the violation, other than to dismiss the petition.