OPINION OF THE COURT
Maureen A. McLeod, J.
This proceeding was commenced on October 16, 1992 by the Office of the Corporation Counsel (the presentment agency) pursuant to article 3 of the Family Court Act charging respondents with acts, which if committed by an adult would constitute criminal possession of stolen property in the fifth degree (Penal Law § 165.40) and petit larceny (Penal Law § 155.25). The petitions before the court allege that on October 14, 1992, the three corespondents entered the card store of complainant Vinod Patel and attempted to take Halloween items valuing $50.
On March 9, 1993, respondents moved to dismiss the petitions pursuant to Family Court Act § 340.1 speedy trial grounds because the complainant was not available for fact finding. The presentment agency argued that good cause existed to adjourn the matter and requested the court amend the petition, because the complainant was not present due to a clerical error. The presentment agency further stated that they incorrectly believed that the card store cases involving Mr. Patel had been dismissed by another Judge of this court on February 25, 1992. The court granted respondents’ motion to dismiss the petitions and the records were sealed pursuant to Family Court Act § 375.1. The presentment agency now moves by means of order to show cause to have the records unsealed to allow the court to hear reargument pursuant to CPLR 2221 on whether the court should vacate its dismissal orders and amend the petitions.
The issue before the court is whether the court may unseal the records in order to hear reargument and consider vacatur of the orders of dismissal. The court finds that the presentment agency has not made a sufficient showing which would allow the court to unseal the records. Assuming arguendo that the court may hear reargument, there is no basis as a matter of law for the court to vacate the orders of dismissal dated March 9, 1993. Accordingly, the presentment agency’s motion is denied.
FINDINGS OF FACT
The presentment agency states that the complainant Mr. *274 Patel was not present for fact finding because they mistakenly thought that the matters scheduled for fact finding concerned an incident regarding another complainant.
There is a history of confusion regarding these matters. The presentment agency concedes that at arraignment, a Judge of this court was presented with improperly prepared and miscollated petitions. The Judge advised the presentment agency to properly organize and collate the petitions. Six respondents were then arraigned on two separate petitions involving different acts of juvenile delinquency, one involving a card store (complainant Patel) and the other, a coat store (complainant Saperstein). In total, 12 petitions were filed. The six petitions regarding the coat store were to be sent to this Judge, and the six petitions regarding the card store were to be sent to another Judge.
In fact, this court received four petitions regarding the card store and two regarding the coat store. The other Judge received the remaining six petitions. The presentment agency incorrectly believed that the six petitions involving Mr. Patel were dismissed on February 25, 1992 by that Judge. On March 9, 1993 this court granted respondents’ application to dismiss the within petitions on speedy trial grounds.
Respondents B. and O. oppose the presentment agency’s present application for unsealing, reargument and vacatur of the orders of dismissal for the following reasons: (a) There is no basis to allow the records to be unsealed; (b) The petitions were properly dismissed on speedy trial grounds because the presentment agency failed to show good cause for the unavailability of the complainant. The presentment agency’s mistaken belief as to which petitions were before this court is not a basis for a good cause adjournment; (c) There is no authority for a court to vacate a delinquency dismissal pursuant to CPLR 2221.
DISCUSSION

Right to a Speedy Trial

On March 9, 1993 this court signed an order pursuant to Family Court Act § 375.1 sealing the respondents’ records upon dismissal of the cases. That provision states that the court shall seal the court records when a matter is terminated in favor of a respondent, unless the interests of justice require otherwise. There has been no such showing by the presentment agency. Family Court Act § 375.1 (2) (i) defines "termi *275 noted in favor of a respondent” as where, inter alla, the court dismissed a petition because respondent has been denied a speedy fact-finding hearing (Family Ct Act § 310.2).
Pursuant to Family Court Act § 310.2, a juvenile is entitled to a speedy fact-finding hearing after a petition has been filed. Family Court Act § 340.1 (2) requires that a fact-finding hearing be scheduled within 60 days of respondent’s initial appearance. Pursuant to Family Court Act § 340.1 (4), the hearing court may "for good cause shown” grant an adjournment before the original 60-day period for up to 30 days. Successive motions to adjourn a fact-finding hearing shall not be granted in the absence of a showing on the record of special circumstances. (Family Ct Act § 340.1 [6].) The Court of Appeals in Matter of Frank C. (70 NY2d 408 [1987]) strictly construed the statutory time limitations in Family Court Act § 340.1. The Court stated: "While no specific provision for dismissal is made in the statute (cf, Family Ct Act § 332.1 [8] [contemplating dismissal as a remedy for violation of Family Ct Act § 310.2’s general speedy hearing requirement]), the statute’s specific and mandatory language, as well as its precise deadlines and clear legislative history, lead to the conclusion that the Legislature did not intend to leave the sanction for noncompliance to the Family Court’s discretion. Rather, a holding mandating dismissal of the charges seems necessary to effectuate the legislative goal of prompt adjudication and to ensure consistency in the statute’s application.” (Supra, at 414.)
A hearing court must "make findings on the record of good cause for the first 30-day adjournment and of special circumstances for subsequent adjournments.” (See, Matter of Randy K., 77 NY2d 398, 403 [1991].) The importance of adhering to the statute’s precise language was recently reiterated by the Court of Appeals in Matter of Nakia L. (80 NY2d 758). The facts in Nakia L. were similar to the case at bar in that the presentment agency was unable to locate a complaining witness, had no explanation for the witness’s absence, and asked the court for an adjournment.
The Court of Appeals found that the trial court improperly adjourned the matter and later proceeded to fact finding. Because of the time elapsed and the number of adjournments that had already been granted, the Court found that the trial court was required to find the more exacting standard of "special circumstances”. The Court noted that a successive adjournment based upon "special circumstances” or even "good cause” was not warranted in that case. Pursuant to *276 Family Court Act § 340.1 (4) and Matter of Nakia L. (supra), this court was required to find special circumstances existed on March 9, 1993 in order to adjourn the matter when the complainant did not appear, as this case had been pending for over 120 days.

Prosecutor Mistake as Good Cause or Special Circumstances

The presentment agency’s argument that the dismissals should be vacated because there was confusion as to which cases had actually been dismissed by another Judge and which were before this court is unpersuasive. Although the Criminal Procedure Law (CPL) does not apply to juvenile delinquency proceedings except as specifically provided for by the Family Court Act, this court may consider judicial interpretations of appropriate CPL provisions to the extent that such interpretations may assist the court in interpreting a similar provision of the Family Court Act. (Family Ct Act § 303.1 [2].) CPL 30.30 case law interprets what is properly "excludable time” for speedy trial purposes. CPL 30.30 (4) (g) excludes periods of delay due to "exceptional circumstances”. This provision is analogous to Family Court Act § 340.1 (6) standard of "special circumstances”.
Various criminal courts have held that even good-faith errors made by the prosecutor, police officer or even the court resulting in speedy trial time to run is not good cause or special circumstances which would toll CPL 30.30 for speedy trial purposes. (See, People v Jackson, 89 AD2d 697 [3d Dept 1982] [People’s erroneous belief that there was no extradition treaty between the United States and Canada covering the drug offense that defendant was charged with was not an excuse for failing to bring defendant to trial within speedy trial time]; People v Lupo, 74 Misc 2d 679, 681 [1973] [prosecutor error in drawing up felony complaint does not constitute "exceptional fact or circumstance.” If People had exercised due diligence in drawing up prosecuting complaint, errors would have been corrected]; People v Rodriguez, 131 Misc 2d 864 [1986] [prosecutor could not excuse his failure to be ready for trial by claiming that he mistakenly relied on court’s erroneous calculations]; People v Twine, 121 Misc 2d 762, 765 [1983] [People’s erroneous belief that they had satisfied the requirement of converting a misdemeanor complaint to an information was not an "exceptional circumstance” for purpose of justifying delay under speedy trial statute].)
The presentment agency was on notice since October 16, *277 1992 that these matters had the potential for confusion due to the multiple petitions and respondents. There was ample opportunity from October 1992 to March 1993 for their office to review the petitions to determine which witnesses were required for each proceeding, and to make appropriate applications for transfer and/or consolidation. Moreover, they were advised by the court through its court attorney on March 8, 1993, the day before the motion to dismiss was heard and granted, that there were two separate trials pending before the court, one with complainant Patel and the other with complainant Saperstein. The presentment agency acknowledges being advised of this. The dismissals were proper in light of the presentment agency’s failure to establish special circumstances to permit a further adjournment.

Vacatur of Family Court Act Juvenile Delinquency Order

The court now looks to the applicability of the CPLR in moving to reargue and/or vacate a juvenile delinquency order of dismissal. CPLR 2221 (a) states: "[a] motion for leave to renew or to reargue a prior motion, for leave to appeal from, or to stay, vacate or modify, an order shall be made, on notice, to the judge who signed the order.” The presentment agency cites 300 W. Realty Co. v City of New York (99 AD2d 708 [1st Dept 1984]) in support of its motion. That case involved a civil action where plaintiff moved for reargument of a motion pursuant to CPLR 2221. The Court held that there was no showing that the court overlooked or misapplied the law, and there was no basis for reargument.
Family Court Act § 165 states "[w]here the method of procedure in any proceeding in which the family court has jurisdiction is not prescribed * * * the provisions of the civil practice law and rules shall apply to the extent that they are appropriate to the proceedings involved” (emphasis added). The legislative intent was to give the Family Court Judge discretion to apply or not apply the CPLR in this section. Thus, the application of the CPLR is not automatic. (Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 165, at 110.) Most courts apply the standard as outlined in Matter of Schwartz v Schwartz (23 AD2d 204, 206 [1965]) that "the determination of when it is 'appropriate’ to apply the provisions of the CPLR to the numerous and unusual situations which will arise in the Family Court will depend upon the circumstances of the cases as they arise.” (See also, Matter of Kunz v Kunz, 119 Misc 2d 80 [1983] [CPLR *278 EBT discovery device not appropriate in family protection proceeding].)
The wide latitude courts claim in determining the applicability of the CPLR is circumscribed by at least two major considerations: (1) substantial rights and due process of law, and (2) equal protection of law. (Besharov, Practice Commentary, op. cit., at 110.) In People v Johnson (38 NY2d 271 [1975]), the Court of Appeals outlined the purpose of the right to a speedy trial: "The speedy trial guaranteed by statute and the Federal Constitution serves three primary purposes: 'It protects the accused, if held in jail to await trial, against prolonged imprisonment; it relieves him of the anxiety and public suspicion attendant upon an untried accusation of crime; and finally, like statutes of limitation, it prevents him from being "exposed to the hazard of a trial, after so great a lapse of time” that "the means of proving his innocence may not be within his reach” — as for instance, by the loss of witnesses or the dulling of the memory’ (People v Prosser, 309 NY 353, 356; see, also, United States v Marion, 404 US 307, 320). But the guarantee also serves a broader, more public, purpose for society too has an interest in seeing that those accused of crimes are swiftly brought to justice (Barker v Wingo, 407 US 514).” (Supra, at 275-276.) In Matter of Manon (131 Misc 2d 749 [Fam Ct, Delaware County 1986]), the court held that the due process provisions of the United States and New York State Constitutions prohibit unreasonable delay in commencement of delinquency proceedings. Due to the quasi-criminal nature of juvenile delinquency proceedings (Matter of Gregory W., 19 NY2d 55 [1966]) and the importance of the due process right to a speedy trial as outlined in Johnson and Manon (supra), a CPLR 2221 motion is inappropriate in this context. Once a matter has been dismissed, a juvenile has the right to be free from public suspicion and anxiety. Absent a pending appeal, the juvenile should not have to live with the dread that the matter may one day be resurrected and reheard.
This court’s research has disclosed no cases where a delinquency order of dismissal was vacated pursuant to CPLR 2221. However, in reviewing the applicable authority, the court finds that there are a number of procedures whereby a court may properly vacate an order in an article 3 proceeding. The presentment agency in the instant case has not met any of the standards as a matter of law.
First, Family Court Act § 355.1 states that upon a showing *279 of a substantial change in circumstances, the court or the respondent may move for a new fact-finding or dispositional hearing, or to stay, set aside, modify, terminate or vacate any order issued in the course of a proceeding. Moreover, Family Court Act § 355.1 allows only the court, the respondent or his parent or other person legally responsible for his care to file such a motion. The Legislature, in its infinite wisdom, specifically chose not to make this remedy available to the presentment agency. Permitting a modification motion by the presentment agency could raise serious double jeopardy issues. (Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 355.1, at 566; see, Matter of Frank K., 87 AD2d 1003 [4th Dept 1982] [double jeopardy prohibits reopening of fact finding to hear additional evidence after hearing has been terminated in respondent’s favor].)
Second, a court has available the inherent power to relieve a party from judgment "for sufficient reason, in furtherance of justice”. (Government Empls. Ins. Co. v Employers Commercial Union Ins. Co., 62 AD2d 123 [2d Dept 1978] [courts have traditional power to grant relief from an order or judgment in the interests of justice and in the exercise of its discretion]; Matter of Delfin A., 123 AD2d 318 [2d Dept 1986] [it was error for the Family Court not to vacate respondent’s guilty plea upon respondent’s motion. The court held that the trial court may have vacated the plea in the interests of justice]; Matter of Carmen R., 123 Misc 2d 238 [Fam Ct, St. Lawrence County 1984] [Family Ct Act § 355.1 is not the sole remedy available to a juvenile to vacate and terminate a dispositional order on grounds of illegality; court may vacate its order in the interests of justice].)
The presentment agency has not set forth a basis for vacating the dismissals in the interests of justice. The interests of justice standard is one applied to relieve a party of a possible injustice. (See, Mejia v Mejia, 82 AD2d 875 [2d Dept 1981].) It has not been interpreted as a means for the prosecution to revive a matter that had been dismissed and is no longer before the court.
Lastly, in Matter of Lionel F. (76 NY2d 747 [1990]), the Court of Appeals held that a court may modify its decision because of an error of law while a matter is still pending before it, provided such a modification does not subject an individual to double jeopardy. In that case, in the middle of fact finding the Family Court Judge orally granted respondent’s motion to dismiss four counts for failure to establish a *280 prima facie case, and reserved decision on the fifth count. After recess, the presentment agency asked the court to reconsider its ruling. The court then vacated its earlier ruling, reserved decision as to the prima facie motion and proceeded with the fact finding. In determining that respondent’s constitutional rights were not violated, the court emphasized the inchoate nature of the court’s immediate reconsideration, made in the context of a continuing proceeding and without the presentment agency offering additional evidence after the court vacated its dismissal. (Supra, at 749.)
In the case at bar, the court dismissed the petitions on speedy trial grounds after careful consideration of all counsels’ extensive arguments and rebuttals. Moreover, the presentment agency’s motion to reargue/vacate was not made in the context of a continued proceeding. It seeks to restore sealed delinquency petitions no longer before the court. The cases found by this court regarding vacatur of a juvenile delinquency order involve matters that the court had continued jurisdiction over. Such is not the case here.
The Family Court Act has outlined appellate procedures available to the presentment agency. Family Court Act § 365.1 (2) states:
"An appeal to the appropriate appellate division may be taken as of right by the presentment agency from the following orders of the family court:
"(a) an order dismissing a petition prior to the commencement of a fact-finding hearing”.
Accordingly, the Legislature has prescribed the mechanism for appeal of a court’s final order that dismisses a proceeding before fact finding.
Due to the quasi-criminal nature of juvenile delinquency proceedings and the importance of the right to a speedy trial, a motion to vacate sealed orders of dismissal is inappropriate. Further, assuming arguendo that the records may be unsealed for rehearing, the court finds that perceived errors concerning filing of the petitions could have been discovered by the presentment agency and does not constitute special circumstances, or even good cause, to merit an adjournment pursuant to Family Court Act § 340.1.
In view of the foregoing, the presentment agency’s motion is denied.