OPINION OF THE COURT
Dudley L. Lehman, J.
By way of three separate but consolidated petitions filed on February 11, 1999, the respondent is charged with having committed acts which, if committed by an adult, would constitute the crimes of grand larceny in the fourth degree, robbery in the second degree and burglary in the second degree. The respondent was arrested for these offenses on November 10, 1998 and was given a prompt probation appearance ticket, which the respondent complied with, albeit without probation adjustment of the matter. Ultimately, the presentment agency prepared and filed the three petitions (Feb. 11, 1999), whereupon an initial appearance was scheduled for March 4, 1999. The instant motion followed the initial appearance of the respondent, who was originally remanded, but later released.
Respondent’s motion alleges that the three petitions must be dismissed due to the denial of his right to a speedy fact-finding (Family Ct Act § 310.2), there allegedly being an unconstitutional delay in the filing of the petitions following his arrest on November 11, 1998. Respondent avers that following his arrest on these three felonies, the Probation Department forwarded the matter to the County Attorney as not adjustable on November 23, 1998. The respondent argues that since the proceeding was not commenced until the initial appearance on March 4, 1999, the County is responsible for 3V2 months of delay which violated the respondent’s constitutional rights. The County Attorney opposes the motion to dismiss, arguing that the period between the County’s receipt of the matter and the submission of the petitions to the court was only 50 days. “Exhibit A” of the County Attorney affirmation is the Probation Department’s “Notification to the Presentment Agency”. The notification is dated November 27, 1998 and stamped received by the County Attorney’s Office December 23, 1998. The presentment agency alleges that the matters were reviewed, the petitions were forwarded to the court on February 11, 1999 and the summons and notice were mailed to the respondent and his parent on February 22, 1999. The County Attorney argues that this 50-day period does not constitute a delay; that it is a reasonable amount of time for processing paperwork and is not a sufficient period to qualify as a due process violation.
As respondent correctly notes, because the Family Court Act does not set time limits for the interval between adjustment *415 and the filing of a petition, a court must use general due process considerations in determining whether or not there has been unreasonable delay in the filing of a petition. (Matter of Manon, 131 Misc 2d 749 [1986].) The Court of Appeals recently determined in Matter of Benjamin L. (92 NY2d 660 [1999]) that speedy trial protections under the due process clause are compatible with the goals of juvenile delinquency proceedings. The Court in Benjamin L. concluded that the factors to be examined in balancing the merits of a defendant’s right to a speedy trial set forth in People v Taranovich (37 NY2d 442 [1975]) should be used to determine if a juvenile “has been denied the right to a speedy adjudication following an arrest for both Sixth Amendment and State due process analyses” (Matter of Benjamin L., 92 NY2d, at 668). The Taranovich factors are: (1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there has been any indication that the defense has been impaired by reason of the delay.
The period of time at issue is the interval between the adjustment decision by Probation on either November 23, 1998 (as alleged by the respondent) or November 27, 1998 (as alleged by the County) and the filing of the petitions on February 22, 1999. Considering the reasonableness of this period, and applying the Taranovich analysis, this court first notes that the respondent concedes that the charges against him are serious in nature. The court further agrees with the respondent that the presentment agency should act as expeditiously as possible in prosecuting such charges. The court also notes that the respondent did not spend time in pretrial detention during the period of alleged delay or prior to his initial appearance on March 4, 1999. Also, the respondent does not allege that he suffered any prejudice or impairment of his case by the amount of time that elapsed between adjustment and filing. Although where “the ‘delay is great enough there need be neither proof nor fact of prejudice to the defendant’ ” (Matter of Benjamin L., supra, at 668, quoting People v Taranovich, supra, at 447), it first must be determined that the period of time, does, in fact, constitute “delay”. If the court finds that the period of time elapsed constitutes delay, the court would consider the reasonableness of the delay.
In the instant case, the court finds that the period of time between the adjustment decision and the filing of the petition *416 does not constitute actionable delay. While noting that it is desirable for the County Attorney to act as expeditiously as possible in processing the required paperwork to commence a juvenile delinquency proceeding and that it is undesirable for paperwork to languish between floors, the time that elapsed was not unreasonable and does not constitute grounds for dismissal of these petitions. While the time frames set out throughout Family Court Act article 3 clearly underscore the importance and desirability of prompt consideration and resolution of delinquency proceedings, the court notes that as per Family Court Act § 308.1 (9), the Probation Department has up to two months to adjust a case and may request that the court extend the adjustment period for an additional two-month period. Attempts to adjust the respondent’s cases would have either approximated or exceeded the time period considered herein. As such, it seems clear that the time period under consideration herein is not of sufficient duration to be considered a “delay” that may constitute a violation of respondent’s rights, and does not warrant dismissal. (See, People v Taranovich, supra [one-year delay between the Grand Jury true bill and indictment when defendant not incarcerated or prejudiced does not constitute violation of defendant’s constitutional right to a speedy trial]; see also, Matter of Benjamin L., supra [where the Court, rather than ordering dismissal, ordered a hearing to determine reason for 13-month time period between the prepetition detention hearing and the filing of the petition].) Here, a total of three months elapsed between the date of the respondent’s arrest (Nov. 10, 1998) and the date the petitions were filed (Feb. 11, 1999). This court does not find this to be actionable under Taranovich and its progeny.
As the time period considered herein does not constitute delay, dismissal is not warranted. Accordingly, respondent’s motion to dismiss is denied.