*880 OPINION OF THE COURT
Eileen N. Nadelson, J.
People’s Motion to Consolidate
Defendant was charged under docket 2006KN0074572 with harassment in the second degree (Penal Law § 240.26 [1]), and aggravated harassment in the second degree (Penal Law § 240.30 [1] [a], [b]). Defendant was charged under docket 2007KN010520 with criminal contempt in the second degree (Penal Law § 215.50 [3]) for violating the protective order issued in favor of the complaining witness under the earlier docket.
The People move to consolidate the above-referenced two dockets because both cases involve the same complainant, the underlying facts of the first docket provide evidence as to defendant’s motive in committing the crimes covered under the second docket, and joinder would serve judicial economy. The court originally granted the People’s motion, but defendant requested the court to reconsider its decision based on his opposition papers which were, admittedly, submitted late.
In his opposition, defendant asserts that the People’s motion should be denied as facially deficient because the supporting affirmation of the Assistant District Attorney is unsigned. This argument presents two novel questions for the court to consider, to wit: (1) Whether a motion made by the People in a criminal proceeding should be deemed facially deficient if the attached attorney affirmation is unsigned; and, if so, (2) Whether the time allotted for the motion practice associated with the People’s deficient motion to consolidate is chargeable to the People under CPL 30.30.
Section 255.20 of the Criminal Procedure Law sets out the procedures for making pretrial motions in a criminal proceeding. Subdivision (2) of CPL 255.20 states, in pertinent part: “All pre-trial motions, with supporting affidavits, affirmations, exhibits and memoranda of law, whenever practicable, shall be included within the same set of motion papers . . . .”
There is virtually no judicial opinion interpreting these requirements for pretrial motions in a criminal proceeding, and the practice commentaries are also lacking on this point. Therefore, the court must look to civil court practice to determine whether motion papers lacking a signed affirmation or affidavit are deemed facially sufficient.
Although there is some limited authority for the proposition that an unsigned attorney’s affirmation is merely a “highly *881 technical procedural irregularity which may be disregarded” (Standard Fruit & S.S. Co., Div. of Castle & Cooke v Russo, 67 AD2d 970, 970 [2d Dept 1979]), it appears that the weight of judicial authority holds that motion papers that do not contain signed affirmations or affidavits of persons with knowledge of the facts of the case are insufficient and are not to be considered by the court. (Mortgage Elec. Registration Sys., Inc. v Bastian, 12 Misc 3d 1182[A], 2006 NY Slip Op 51383[U] [Sup Ct, Suffolk County 2006] [motion to forestay a foreclosure sale]; Fried v Caracappa, 9 Misc 3d 1115[A], 2005 NY Slip Op 51562[U] [Nassau Dist Ct 2005] [affirmation in motion in opposition to a motion to dismiss was unsigned].)
Similarly, within the realm of criminal proceedings, courts have held that defendants’ motions to dismiss pursuant to the speedy trial provisions of CPL 30.30 are to be denied when the moving papers do not contain sworn allegations to support the motion. (People v Young, 269 AD2d 257 [1st Dept 2000]; People v Jackson, 259 AD2d 376 [1st Dept 1999].) An affirmation that is not signed is considered by the court to be an unsworn statement.
Based on our analysis of the above-cited decisions, this court concludes that the People’s motion papers are facially insufficient because they are not supported by a signed affirmation of the facts contained therein. Therefore, the People’s motion must be denied for facial insufficiency.
Having determined that the People’s motion is facially deficient, the court must now consider whether the time that was allocated to this motion is to be charged to the People under the provisions of CPL 30.30.
CPL 30.30 (4) specifies the periods of time that are not chargeable to the People for the purposes of granting a defendant a “speedy trial.” Paragraphs (a) through (f) indicate specific circumstances that result in the time not being charged to the People, none of which is applicable to the instant situation. Paragraph (g) provides for “other periods of delay occasioned by exceptional circumstances.” However, in no instance is it indicated that the People’s error in not signing the affirmation accompanying their motion is to be deemed an “exceptional circumstance.”
Just as with the Young and Jackson cases cited above, where the court could not consider a defendant’s opposition papers because they lacked a sworn affirmation, the court cannot consider the People’s submissions containing similar failings. *882 Therefore, since the omission on the part of the People was not occasioned by any exceptional circumstance, merely simple error, the court must view the situation as one in which the People never filed the motion they requested. The court believes that to exclude this time period, brought about by the People’s own negligence, would unduly prejudice defendant’s right to a speedy trial. The court feels compelled to charge the time for this motion practice to the People; otherwise it could be viewed as a delaying tactic whereby the People could request a motion schedule with no intention of fulfilling it simply to gain additional time to be ready for trial.
Based on the foregoing, the court answers the questions originally posited in this decision as follows: (1) A pretrial motion made by the People in a criminal proceeding that does not contain a signed affidavit or affirmation of a person with knowledge of the facts contained therein is deemed facially insufficient and a nullity; and (2) When the People request a motion schedule in a criminal proceeding and fail to file a facially sufficient motion, the time allotted for this motion practice is chargeable to the People under the provisions of CPL 30.30.