People v Kim (2024 NY Slip Op 50579(U))

[*1]

People v Kim

2024 NY Slip Op 50579(U)

Decided on May 17, 2024

Criminal Court Of The City Of New York, Queens County

Licitra, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 17, 2024
Criminal Court of the City of New York, Queens County

The People of the State of New York

against
Kim, Defendant.

Docket No. CR-027216-23QN

For the People: Melinda Katz, District Attorney of Queens County (by MyeongHwan Cha)
For Mr. Kim: The Legal Aid Society (by Christopher Healy)

Wanda L. Licitra, J.

Before the court is a C.P.L. § 30.30 motion to dismiss. It alleges that the prosecution did not validly state ready for trial within the ninety days allowed by statute. (See C.P.L. § 30.30[1][b]). Specifically, it argues that the prosecution failed to file a facially sufficient information within that time.
The criminal procedure law requires that a facially sufficient information establish its charged offenses with "[n]on-hearsay allegations." (C.P.L. § 100.40[1][c]). If prosecutors commence a misdemeanor case with a complaint—i.e., an accusatory instrument containing hearsay—they must "replace[]" that document with a facially sufficient information before stating ready for trial. (C.P.L. § 170.65[1] ["For purposes of prosecution, [a misdemeanor complaint] must . . . be replaced by an information."]; People v. Colon, 59 NY2d 921 [1983] [adopting the lower court's opinion that "the People cannot be ready for trial . . . if they have not converted the complaint[] to [a] jurisdictionally sufficient information"]; see also People v. N.S., 58 Misc 3d 613, 616 [Crim. Ct., Queens County 2018], aff'd, 71 Misc 3d 140[A] [App. Term, 2d Dep't 2021]). There are two ways the prosecution may replace a misdemeanor complaint with a legally compliant information. First, they can file a wholly new accusatory instrument that meets the requirements of an information. (See C.P.L. § 170.65[1]). Or, second, they can "supplement[]" the initial complaint with "a supporting deposition." (Id.). If the initial complaint and the supporting deposition "taken together satisfy the requirements for a valid information," then the "complaint is deemed to have been converted to and to constitute a replacing information." (Id.). Either method cures the hearsay contained in the initial misdemeanor complaint, as the law requires. (See C.P.L. § 100.40[1][c]).
This non-hearsay requirement is important. Unlike what it requires in felony cases, the criminal procedure law allows prosecutors to charge people with misdemeanors without ever setting foot in a preliminary hearing or a grand jury. (See People v. Hardy, 35 NY3d 466, 472-73 [2020] ["An information or a complaint—unlike an indictment or superior court information—commences a criminal action on the allegations of someone who is not an officer of the court, and whose testimony has not been vetted by a grand jury."]). As a result, in a misdemeanor case, the prosecution "need not, at any time prior to trial, present actual evidence demonstrating a prima facie case." (People v. Alejandro, 70 NY2d 133, 137-38 [1987]). [*2]Accordingly, "the requirement that each element of a charged offense be supported by non-hearsay allegations of fact is to ensure that one with personal knowledge of the facts swears to any information upon which a defendant in a criminal action will be tried." (People v. Stridiron, 175 Misc 2d 16, 17 [Crim. Ct., Queens County 1997]). "Requiring that a non-hearsay accusation be filed as a condition precedent is a minimal but significant indication that the prosecution is legitimate." (People v. Phillipe, 142 Misc 2d 574, 578 [Crim. Ct., Kings County 1989]). It "reduces the possibility that one could be unjustly forced to stand trial by an overzealous or negligent prosecutor based on an indirect, incomplete, or inadequately investigated accusation." (Id.).
In this case, the prosecution admits that they did not file the necessary supporting deposition until December 18, 2023. (See Pr. Resp. at 6 ["The supporting deposition was not provided to the Court until December 18, 2023."]). They assert that they failed to file it before that date because of a "human error." (Id. at 7). While the prosecution devotes much of its response to when they served the supporting deposition on the defense, they also admit that "conversion [to an information] is accomplished by filing and serving a supporting deposition which when read in conjunction with the complaint, alleges non hearsay allegations sufficient to constitute an information." (Id. at 5 [emphasis added]). That admission is correct. Merely serving a supporting deposition on the defense does nothing to "supplement[]," (see C.P.L. § 170.65[1]), the accusatory instrument pending before the court. The prosecution must file the supporting deposition with the court before stating ready.
The prosecution commenced this case on September 16, 2023, by filing a misdemeanor complaint.[FN1]
The prosecution had ninety days from that date to validly state ready for trial. Their off-calendar statement of readiness on December 7, 2023, was not valid because they had not yet filed the supporting deposition necessary to convert the complaint. They admit that they did not file this document until December 18, 2023, which was beyond their ninety-day deadline.
Nonetheless, the prosecution claims that it should benefit from an "exceptional circumstance" exclusion of time under C.P.L. § 30.30[4][g]. They argue that their "human error" in forgetting to file the supporting deposition alongside their December 7, 2023, statement of readiness was a qualifying "exceptional circumstance." They also believe their "human error" caused "no prejudice to the defendant or benefit to the People." (Pr. Resp. at 7).
Courts have long rejected the notion that prosecutors can gain the benefit of a C.P.L. § 30.30[4][g] "exceptional circumstance" exclusion by committing errors and making mistakes. (Matter of Malik O., 158 Misc 2d 272, 276 [Fam. Ct., Kings County 1993] ["Various criminal courts have held that even good-faith efforts made by the prosecutor, police officer or even the court resulting in speedy trial time to run is not good cause or special circumstances which would toll C.P.L. 30.30."]; e.g., People v. O'Brady, 16 Misc 3d 879, 881 [Crim. Ct., Kings County 2007] [prosecutor's error in failing to sign an affirmation was not an "exceptional circumstance"]; People v. Twine, 121 Misc 2d 762, 765 [Crim. Ct., NY County 1983] [prosecutor's erroneous belief that they had satisfied the requirement of converting a misdemeanor complaint to an information was not an "exceptional circumstance"]; People v. [*3]Lupo, 74 Misc 2d 679, 681 [Crim. Ct., NY County 1973] [prosecutor's "good faith" error in drawing up felony complaint was not an "exceptional fact or circumstance"]).
The prosecutor here wishes C.P.L. § 30.30 to only apply to intentional prosecutorial inaction, and not to accidental or negligent inaction. But there is no such qualification in the trial readiness statutes. Indeed, such a rule would be perverse, as it would encourage prosecutors to make "mistakes" to receive the benefit of an excluded adjournment. It is difficult to imagine that C.P.L. § 30.30—which was created to "discourage prosecutorial inaction," (e.g., People v. Clarke, 28 NY3d 48, 53 [2016])—would undermine its own purpose with such a massive exception hidden in the phrase, "exceptional circumstance."
As such, the motion is granted, the case is dismissed.
Any remaining issues are moot.
The foregoing constitutes the order and decision of the court.
Dated: Queens, NY
May 17, 2024
Wanda L. Licitra, J.C.C.

Footnotes

Footnote 1:The complaint itself, (see Pr. Resp. Ex. 1 [containing a filing date of September 16, 2023]), and the court file establish, with unquestionable documentary proof, that the prosecution filed the complaint on September 16, 2023.