■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOY WARREN, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County, rendered January 18, 1980, convicting him of bail jumping in the first degree, after a nonjury trial, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, indictment dismissed, and case remitted to the County Court, Nassau County, for entry of an order in its discretion pursuant to CPL 160.50. Following the conclusion of the defendant's direct case at his nonjury trial, the court, rather than inquiring as to the People's desire to present any further evidence or calling for summations (see CPL 320.20, subd 3), proceeded at some length and without objection to review the evidence and render a verdict acquitting the defendant of the underlying charges. At this juncture, the People requested and were granted leave to present a rebuttal witness and, on the basis of his testimony, the court reversed its decision and found the defendant guilty. We reverse and dismiss. By failing to register a timely protest when the trial court began to render its verdict, the People must be deemed to have acquiesced in the court's consideration of

the merits of the case at that juncture and on the then-existing state of the record. Pronouncement of a verdict acquitting the defendant on the ground of evidentiary insufficiency thus constituted a factual determination on the issue of guilt or innocence in the defendant's favor, and rendered the subsequent grant of leave by the trial court to reopen the People's case a violation of defendant's constitutional protection against double jeopardy (see *United States v Scott,* 437 US 82, 90-91; *Burks v United States,* 437 US 1, 11; see, also, *Matter of De Canzio v Kennedy,* 67 AD2d 111, 116, mot for lv to app den 47 NY2d 709; cf. *People v Boynton,* 67 AD2d 982; *Matter of Pastrana v Baker,* 77 AD2d 653). Lazer, J.P., Gibbons, Gulotta and Cohalan, JJ., concur.