■ In the Matter of FRANK K. — Order unanimously reversed and petition dismissed. Memorandum: During a juvenile delinquency fact-finding hearing to determine whether respondent committed acts which constitute burglary and grand larceny, the court sustained an objection to testimony concerning certain admissions made by respondent to petitioner. Petitioner then rested his case and on respondent's motion an order was entered pursuant to section 751 of the Family Court Act dismissing the delinquency petition on the ground that its allegations had not been established. Shortly thereafter, petitioner convinced the court that it had erred in excluding the evidence and permission was granted to reopen the hearing to permit its receipt. At the conclusion of the reopened hearing the court found that the evidence was sufficient to establish respondent's culpability and that he was a juvenile delinquent (Family Ct Act, § 752). We agree with respondent that he was placed in jeopardy twice when the fact-finding hearing was reopened to receive the excluded evidence after an order of dismissal had been entered. A dismissal pursuant to section 751 is on the ground of legal insufficiency, is the equivalent of a " 'trial order of dismissal,' " under CPL 290.10 (subd 1) (*Matter of Roger W.,* 61 AD2d 884), constitutes a resolution of the case in the respondent's favor on the merits of the charge (see *United States v Scott,* 437 US 82; *Lee v United States,* 432 US 23), and bars retrial (see *People v Key,* 45 NY2d 111). It

is irrelevant that the dismissal was the result of an erroneous midtrial ruling which excluded certain evidence of guilt (see *Sanabria v United States,* 437 US 54; *Fong Foo v United States,* 369 US 141). Double jeopardy prohibits the reopening of a fact-finding hearing to hear additional evidence after the hearing has been terminated in the respondent's favor (see *People v Warren,* 80 AD2d 905; cf. *Matter of Antonio F. v Judges of Family Ct. of County of Kings,* 35 AD2d 527, affd 27 NY2d 915). (Appeal from order of Erie County Family Court, Honan, J. — juvenile delinquent.) Present — Dillon, P. J., Simons, Doerr, Moule and Schnepp, JJ.