OPINION OF THE COURT
Fran L. Lubow, J.
The presentment agency filed the instant juvenile *753 delinquency petition on September 17, 2002, alleging that the respondent committed acts which if committed by an adult would constitute the crimes of robbery in the third degree (Penal Law § 160.05), attempted robbery in the third degree (Penal Law §§ 110.00, 160.05), criminal possession of stolen property in the fifth degree (Penal Law § 165.40), assault in the third degree (Penal Law § 120.00 [1]), petit larceny (Penal Law § 155.25), attempted petit larceny (Penal Law §§ 110.00, 155.25) and attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]). The initial appearance, whereat respondent was assigned counsel and arraigned, occurred on the same date. The court adjourned the matter to November 14, 2002 for trial with a stipulation by the presentment agency and respondent (through his attorney) that November 14, 2002 would constitute day 45 for speedy trial purposes.
On November 14, 2002, the presentment agency was prepared to commence trial with the complaining witness, age 11. After the complainant was subjected to voir dire, the court determined that he was not capable of giving sworn testimony, but nonetheless found that he possessed sufficient intelligence and capacity to give unsworn testimony. At the conclusion of the complainant’s direct testimony, the court adjourned the case to December 16, 2002, a date more than 15 days hence for the trial to continue; this date was chosen because it was more convenient for counsel. The respondent, through his attorney, waived speedy trial (if indeed such a waiver was necessary) by stipulating that December 16, 2002 would be deemed day 60 for speedy trial purposes. The respondent’s waiver was placed on the record after a brief discussion, initiated by the court, as to whether the taking of unsworn testimony constituted a “commencement” of the fact-finding hearing for speedy trial purposes.
On December 16, 2002, the date designated by all parties as day 60, the complainant was present in court during the entire morning session, but could not return to court after the lunch break. The court was unable to call the case until the afternoon, at which time the Law Guardian made an oral motion asking the court to dismiss the petition because the presentment agency was not prepared to proceed when the case was called on the record on day 60. The court orally denied the Law Guardian’s application on the grounds that its preliminary research had led it to conclude that the fact-finding hearing had already commenced on November 14, 2002, with the *754 receipt of the complainant’s substantive, albeit unsworn,. testimony. The court invited the Law Guardian to submit a written motion with supporting case law, stating that the court was willing to reconsider the issue further upon receipt of motion papers. At this point in the proceedings, the respondent, through his attorney, again waived speedy trial and agreed to designate February 27, 2003, the adjourned date, as day 60 for speedy trial purposes; there was therefore no need for the court to make a finding of “good cause” for the adjournment.
On February 24, 2003, the respondent filed a written motion asking the court to dismiss the petition on speedy trial grounds pursuant to Family Court Act § 340.1 (2), arguing that the trial had not commenced on December 16, 2002, the date designated as day 60 for speedy trial purposes because no sworn testimony had been presented to the court. The Law Guardian’s motion asserts that the commencement of a fact-finding hearing is defined as the point when jeopardy attaches in a bench trial, that time being when a witness has been sworn, pursuant to Family Court Act § 303.2 and CPL 40.30. He therefore asks the court to dismiss the petition because the respondent’s right to speedy trial had been violated. The presentment agency submitted papers in opposition to the respondent’s motion, arguing that the fact-finding hearing commenced on November 14, 2002 (day 45) when the court began to hear substantive evidence from the complaining witness.
This court holds that the trial commenced on day 45 when the complaining witness gave substantive unsworn testimony. Commencement of trial for speedy trial purposes is not related to the point when jeopardy attaches because the concepts of speedy trial and double jeopardy are separate and distinct from one another in every way, from their underlying rationale to their constitutional and statutory basis.
The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution prohibits retrial of a criminal defendant who has already been placed in jeopardy for the same offense. This applies to the states through the Due Process Clause of the Fourteenth Amendment. (Benton v Maryland, 395 US 784 [1969].) Article I, § 6 of the New York State Constitution also provides that “No person shall be subject to be twice put in jeopardy for the same offense.” The United States Supreme Court has also held that double jeopardy protections extend to juvenile delinquency proceedings. (Breed v Jones, 421 US 519 [1975].) In addition, the New York State Criminal Procedure Law defines New York State standards for double *755 jeopardy. CPL 40.20 (1) states that “[a] person may not be twice prosecuted for the same offense.” CPL 40.30 (1) further explains that:
“[e]xcept as otherwise provided in this section, a person ‘is prosecuted’ for an offense, within the meaning of section 40.20, when he is charged therewith by an accusatory instrument filed in a court of this state or of any jurisdiction within the United States, and when the action either
“(a) Terminates in a conviction upon a plea of guilty; or
“(b) Proceeds to the trial stage and a jury has been impaneled and sworn or, in the case of a trial by the court without a jury, a witness is sworn.”
The double jeopardy provision of the Criminal Procedure Law specifically applies to juvenile delinquency proceedings pursuant to Family Court Act § 303.2.
The constitutional prohibition against double jeopardy was designed to protect a person from being subject to the hazards of trial and possible conviction more than one time for an alleged offense. The underlying rationale is that “the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.” (Serfass v United States, 420 US 377, 388 [1975] [internal quotation marks omitted], citing Green v United States, 355 US 184, 187-188 [1957].) In addition, double jeopardy principles serve to protect “ ‘the valued right of a defendant to have his trial completed by the particular tribunal summoned to sit in judgment on him.’ ” (People v Allen, 86 NY2d 599, 603 [1995], quoting United States v Scott, 437 US 82, 92 [1978].)
Double jeopardy principles are not implicated in the instant case. An accused must be placed in jeopardy before he can suffer double jeopardy, that is, he must have previously been prosecuted for the same offense. The petition, which was filed on September 17, 2002, is based on an incident that is alleged to have occurred on August 21, 2002, approximately four weeks prior to the filing of the petition. The respondent does not assert that he has previously been prosecuted or placed in jeopardy for the same offense, nor is there any evidence before the court to suggest that he was previously prosecuted for the August 21, 2002 incident. The respondent’s reliance on double *756 jeopardy analysis to determine when trial commences for speedy trial purposes is misplaced.
The supporting rationale, constitutional and statutory bases for speedy trial doctrine are completely different from those underlying the doctrine of double jeopardy. The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution, which states, “In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed * * *” (emphasis added). This applies to the states through the Due Process Clause of the Fourteenth Amendment. (Klopfer v North Carolina, 386 US 213 [1967].) Although the right to a speedy trial is not expressly guaranteed in the New York State Constitution, the Court of Appeals has held that the right to a speedy trial is inherent in the Due Process Clause of the State Constitution. (People v Singer, 44 NY2d 241 [1978].) In addition, Criminal Procedure Law § 30.20[1] and Civil Rights Law § 12 codify a defendant’s right to a speedy trial. The Court of Appeals has stated that the speedy trial guarantee serves a threefold purpose. “It protects the accused, if held in jail to await trial, against prolonged imprisonment; it relieves him of the anxiety and public suspicion attendant upon an untried accusation of crime; and, finally, like statutes of limitation, it prevents him from being ‘exposed to the hazard of a trial, after so great a lapse of time’ that ‘the means of proving his innocence may not be within his reach’ — as, for instance, by the loss of witnesses or the dulling of memory.” (People v Prosser, 309 NY 353, 356 [1955]; see also People v Allen, 86 NY2d 599, 602 [1995] [“ ‘Society has a recognized interest in speedy trials because trial delay may result in the loss of evidence or an accused’s inability to respond to criminal charges, thereby compelling innocent persons to plead guilty out of necessity ’ ”].)
*757 The Family Court Act contains various speedy trial provisions that are separate and independent from those found in the Criminal Procedure Law. Family Court Act § 310.2 states that “[a]fter a petition has been filed * * * the respondent is entitled to a speedy fact-finding hearing.” In addition, the Legislature has established specific time limitations to govern the timing of fact-finding hearings in juvenile delinquency proceedings. (Family Ct Act § 340.1.) Pursuant to Family Court Act § 340.1 (2), “If the respondent is not in detention, the fact-finding hearing shall commence not more than sixty days after the conclusion of the initial appearance except as provided in subdivision four.” The court may adjourn the case for not more than 30 days on motion of the court or the parties for “good cause.” (Family Ct Act § 340.1 [4] [a], [b].) The court shall state on the record the reason for any adjournment of the fact-finding hearing, and successive motions to adjourn are barred in the absence of special circumstances. (Family Ct Act § 340.1 [5], [6].) The Legislature’s purpose in enacting Family Court Act § 340.1 was to “assure swift and certain adjudication at all phases of the delinquency proceeding.” (Matter of Frank C., 70 NY2d 408, 413 [1987].) This is a true “speedy trial” provision in that both its language and underlying purpose are directed toward bringing the accused juvenile to trial within a specified 60-to-90-day time frame, and the court must apply its provisions literally. (Id.) This court notes that the respondent has moved for dismissal not under the Federal or State Constitutions, but solely on statutory speedy trial grounds under Family Court Act § 340.1.
There is no rule within the four corners of article 3 of the Family Court Act that a fact-finding hearing must commence with sworn testimony. In fact, the contours of the Family Court Act indicate that trial commences with the opening statement, if one is offered, or with the presentation of evidence. There is no legislative mandate that the evidence must be sworn in order to commence trial. Family Court Act § 301.2 (6) defines a fact-finding hearing as “a hearing to determine whether the respondent or respondents committed the crime or crimes alleged in the petition or petitions.” Family Court Act § 342.1 states that:
“[t]he order of the fact-finding hearing shall be as follows:
“1. The court shall permit the parties to deliver opening addresses. If both parties deliver opening addresses, the presentment agency’s address shall be delivered first.
“2. The presentment agency must offer evidence in support of the petition * *
*758 This section indicates that the Legislature intended for the opening statement, which is not evidence, to be part of the fact-finding hearing. In addition, Family Court Act § 342.2 states, “Only evidence that is competent, material and relevant may be admitted at a fact finding.” Family Court Act § 343.1 permits a child less than 12 years old to testify under oath at a fact-finding hearing if the court is satisfied that he understands the nature of an oath. If the court is not so satisfied, the court may nevertheless permit the child witness to give unsworn evidence if the court is satisfied that the witness possesses sufficient intelligence and capacity to justify the reception of the unsworn testimony. (Family Ct Act § 343.1 [2].) Under Family Court Act § 343.1 (3), a court may not find a respondent to be delinquent solely upon unsworn evidence given pursuant to Family Court Act § 343.1 (2). There is no question that unsworn testimony is substantive evidence. Reading these statutes as a whole leads to the conclusion that the receipt of unsworn evidence does commence trial, although it is not sufficient to sustain a conviction.
This court’s holding is buttressed by the fact that the respondent has a constitutional right to be present during the presentation of unsworn evidence. This fundamental right of the respondent to be present supports the conclusion that the presentation of unsworn testimony must commence trial. “A defendant’s presence at trial is required not only by the Confrontation and Due Process Clauses of the Federal and State Constitutions (see, US Const 6th, 14th Amends; NY Const, art I, § 6), but also by CPL 260.20, which provides that ‘[a] defendant must be personally present during the trial of an indictment’. The statutory right, we have held, extends to ‘the impaneling of the jury, the introduction of evidence, the summations of counsel, and the court’s charge to the jury.’ In addition, due process requires that a defendant be present ‘whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge’ (Synder v Massachusetts, 291 US 97, 105-106 * * *).” (People v Dokes, 79 NY2d 656, 659 [1992] [emphasis added and citations omitted].) In determining whether a defendant has a right to be present during a particular proceeding, a key factor is whether the proceeding involves factual matters about which the defendant might have particular knowledge that would be useful in advancing the defendant’s or countering the People’s position. (Id. at 660; see also People v Roman, 88 NY2d 18 [1996]; People v DePallo, 275 AD2d 60 [2d Dept 2000].) There *759 can be no doubt that the respondent has a fundamental right to be present during a complaining witness’ testimony because that testimony necessarily involves the introduction of evidence and factual matters about which the respondent has particular knowledge.
This court’s ruling is also supported by an analysis of similar provisions from the Criminal Procedure Law and relevant case law. Although this court is prohibited from applying the Criminal Procedure Law in speedy trial issues, it is permissible to consider judicial interpretations of appropriate provisions of the Criminal Procedure Law to the extent that they may assist the court in interpreting similar portions of article 3. (Family Ct Act § 303.1 [2].) An examination of the Criminal Procedure Law reveals that the term trial has different definitions in different contexts. CPL 1.20 (11) defines trial as follows: “A jury trial commences with the selection of the jury and includes all further proceedings through the rendition of a verdict. A non-jury trial commences with the first opening address, if there be any, and, if not, when the first witness is sworn, and includes all further proceedings through the rendition of a verdict.” This differs from the definition of trial employed in CPL 40.30, the double jeopardy provision, which states that a proceeding is at the trial stage when a jury has been impaneled and sworn or, in the case of a trial by the court without a jury, a witness is sworn. The Practice Commentary to CPL 1.20, written by Peter Preiser, supports this court’s holding that the commencement of trial for speedy trial purposes is not related to double jeopardy’s definition of trial. In relevant part, Mr. Preiser writes, “[t]he definition of ‘trial’ in subdivision 11, while an improvement over the definition in the old Code of Criminal Procedure, is nevertheless still of little practical use and may well be misleading, as it varies with the context in which an issue arises. Accordingly, the definition will not be particularly useful in locating either commencement of the trial or its ending. Thus, for example, the term ‘selection of the jury’ as the point of commencement could be construed to include the initial oath to the panel (CPL § 270.15 [1 (a)]) before commencement of voir dire, which would be relevant in determining both defendant’s right to be present at trial (CPL § 260.20), or whether abortion at that point qualifies as a ‘mistrial’ for CPL § 30.30 [5 (a)] speedy trial purposes * * * Apart from this, the definition is not coterminous with the criteria for determining previous prosecution on a question of double jeopardy (CPL § 40.30 [1]).” (Preiser, Practice Commentaries, McKinney’s *760 Cons Laws of NY, Book 11 A, CPL 1.20, at 27-28 [emphasis added and citation omitted].)
While case law has defined “commencement” of trial to be different points in the proceeding depending on the context in which the issue arises, none of these definitions of commencement relate to the time when jeopardy attaches. In fact, numerous courts have held that trial commences prior to the attachment of jeopardy. For example, within the context of CPL 710.40 (3), the provision that defines when a motion to suppress evidence shall be made and determined, the commencement of trial is deemed the start of jury selection. (People v Blowe, 130 AD2d 668 [2d Dept 1987].) The Second Department has also held that trial commences with the jury selection process. In Brackley v Donnelly (53 AD2d 849 [2d Dept 1976]), the Court determined that the trial commenced with the jury selection process, and therefore, the trial proceedings could only be terminated by declaring a mistrial, despite the fact that the defendant had not yet been placed in jeopardy (only 6 of 12 jurors were selected and sworn). (See also People v Dennis, 258 AD2d 255 [1st Dept 1999]; People v Albarez, 209 AD2d 186 [1st Dept 1994] [court properly declared mistrial before entire jury panel was selected and sworn, before jeopardy had attached]; People v Singh (190 AD2d 640 [1st Dept 1993] [jeopardy had not attached when Court declared mistrial before an entire jury panel was selected and sworn].) It is clear that speedy trial principles are separate and distinct from double jeopardy.
In closing, this court makes the following observations. It would be absurd to create a rule that fact-finding does not commence with the taking of substantive unsworn evidence. To do so would force prosecutors to start trial with a sworn witness, regardless of whether that testimony is substantive, for the mere sake of complying with speedy trial requirements without necessarily affording the respondent any substantive due process. The Family Court Act and the Criminal Procedure Law specifically allow the taking of unsworn testimony. Unsworn testimony is frequently the gravamen of a case and may sustain a finding beyond a reasonable doubt with corroboration.[2] That being the case, the testimony of the unsworn witness is often the most logical and appropriate place *761 to start the fact-finding hearing. This court declines to create a new substantive area of law in which the order of the presentation of evidence is dictated by speedy trial practice.
This court holds that the trial commenced on day 45 when the complaining witness gave substantive unsworn testimony. The record reflects that the presentment agency completed the entire direct examination of the complaining witness, and that the case was adjourned for the respondent’s attorney to conduct cross-examination. This testimony was more than sufficient to commence trial, particularly in light of numerous appellate court holdings that a presentment agency may commence a fact-finding hearing with “some” evidence. (Matter of Stephen H., 251 AD2d 664 [2d Dept 1998]; Matter of Shawn L., 234 AD2d 197 [1st Dept 1996]; Matter of Leonard G., 209 AD2d 263 [1st Dept 1994].)
In any event, because this court does recognize and respect the literal and philosophical import of Family Court Act § 340.1 (Matter of Frank C., 70 NY2d 408 [1987]), and its progeny, it was careful to obtain speedy trial waivers from the respondent so that no dismissal is warranted herein.
Wherefore, the motion to dismiss is denied.

. CPL 30.20 (1) explicitly states that “After a criminal action is commenced, the defendant is entitled to a speedy trial.” This is the only true speedy trial provision in the Criminal Procedure Law, and must be distinguished from CPL 30.30. Although CPL 30.30 is labeled “speedy trial” it does not govern the time within which trial must commence but only deals with the subject of when the People must be ready for trial. The fact that the People are ready to proceed does not mean the trial must commence: various other factors might result in postreadiness delay. The Legislature enacted CPL 30.30 to serve the narrow purpose of insuring prompt prosecutorial readiness for trial, and it does not address problems involving speedy trial rights or due process in a constitutional sense. (See People v Sinistaj, 67 NY2d 236, 239 [1986].)

. The unsworn testimony of a witness must be corroborated to sustain a conviction. The relevant portions of Family Court Act § 343.1 are identical to CPL 60.20, the analogous adult provision, with the sole exception that the “cut off” age in the Criminal Procedure Law is 9, compared to age 12 in the *761 Family Court Act. Regarding the degree of corroboration required by CPL 60.20 to establish a prima facie case, the Court of Appeals has held that “the evidence is sufficient if the unsworn victim’s testimony is corroborated by evidence tending to establish the crime and connecting defendant with its commission.” (People v Groff, 71 NY2d 101, 104 [1987].) “[A] 11 that is necessary is to connect the defendant with the crime in such a way that the jury may be reasonably satisfied that the [witness] is telling the truth.” (Id. at 110 [internal quotation marks omitted], quoting People v Daniels, 37 NY2d 624, 630 [1975].) This can be accomplished by circumstantial evidence. (People v St. John, 74 AD2d 85 [3d Dept 1980].) The court may look to facts that standing alone are insignificant, but that together are “so harmonized” that they have the tendency to furnish the necessary connection between the defendant and the crime. (People v Groff, 71 NY2d 101, 110 [1987].) The Family Court may consider and use these adult judicial rulings in interpreting Family Court Act § 343.1. (Family Ct Act § 303.1.)