OPINION OF THE COURT
Anthony J. Ferrara, J.
*167 The defendant, a New York City school safety officer, was charged with two counts of unlawful imprisonment in the second degree (Penal Law § 135.05), forcible touching (Penal Law § 130.52), three counts of sexual abuse in the third degree (Penal Law § 130.55) and endangering the welfare of a child (Penal Law § 260.10 [1]). The charges arose out of two separate student searches. The defendant searched one student after a fight in the school cafeteria and searched a second student after the defendant encountered that student inside the school at an unauthorized time. After a four-day bench trial that concluded on December 9, 2005, the court convicted the defendant as to the two counts of unlawful imprisonment in the second degree in violation of Penal Law § 135.05 based upon the improper and unauthorized searches of each student. The court acquitted the defendant on all other charges.
On March 3, 2006, the court sentenced the defendant to three years’ probation, 30 days of community service and payment of a mandatory $160 surcharge. At sentencing, the People argued that the court, in accordance with its duties under Correction Law § 168-d, should certify the defendant as a sex offender pursuant to the Sex Offender Registration Act (SORA) because one of the victims of the unlawful imprisonment was under 17 years of age at the time of the offense (Correction Law § 168-a [2] [a] [i]). The only evidence presented at trial as to that victim’s age was conflicting testimony from the victim. The court found that the People had failed to carry their burden, using either the standard of proof beyond a reasonable doubt or the lower standard of proof by clear and convincing evidence, of establishing the victim’s age at the time of the offense and did not certify the defendant as a sex offender.
The People requested time to move the court to reconsider its decision. Defense counsel urged the court to sentence his client immediately and did not object to sentencing followed by the People’s submitting further argument concerning SORA certification. The court granted the People’s request.
The People moved, on May 2, 2006, that the court certify the defendant as a sex offender or, in the alternative, grant a hearing to determine the age of the victim at the time of the offense. Defense counsel responded on May 24, 2006. The People argue that, although the victim’s testimony during trial concerning his age was confused, he consistently testified to a date of birth that would make him 16 years and 10 months at the time of the offense. In support of their argument, the People attached to *168 their motion papers what the People asserted were copies of the victim’s birth certificate and passport. Both documents are in Spanish and no certificate of translation has been provided. The People suggest these copies list the victim’s birthday as the same date he testified to at trial. In response, defense counsel raises both double jeopardy and procedural concerns.
The court finds that the People have not met their burden of proving, using either the standard of proof beyond a reasonable doubt or the standard of clear and convincing evidence, that the victim was under 17 at the time of the offense. The victim was born in the Dominican Republic and both the alleged birth certificate and passport appear to originate from that country. In addition to there being no certified translation of the documents attached to the People’s papers, because the Dominican Republic was not a signatory of the convention abolishing the requirement of legalization for foreign public documents, these documents may only be evidenced by the procedure set forth in Civil Practice Law and Rules § 4542 (see Prince, Richardson on Evidence § 9-305 [Farrell 11th ed]). The People failed to follow the required procedure under CPLR 4542 in order to admit foreign public documents at trial. Therefore, the court considers these documents unreliable hearsay and not probative on the issue of the victim’s age. Moreover, because the People have not submitted any new arguments or competent evidence in support of their assertion that the victim was under 17 at the time of the offense, their request to register the defendant as a sex offender is denied.
While the People point out that SORA specifically permits the consideration of reliable hearsay at hearings (see e.g. Correction Law § 168-k [2]; § 168-n [3]; § 168-d [1] [b], [c]), SORA itself affords no such hearing for the People to prove the age of the victim. For the reasons stated more fully below, this court narrowly construes the statute and refuses to create such a procedure. The People’s request for a hearing to determine the age of the victim is also denied.
New York initially enacted its version of “Megan’s Law” in 1996. Since that time, the act has been the subject of various constitutional challenges and legislative amendments.[1] In 1998, Federal District Court Judge Denny Chin granted a preliminary injunction that enjoined New York from enforcing level two or *169 level three SORA registration requirements as to two groups of plaintiffs: (1) convicted sex offenders who were on probation or parole the date the act took effect, and (2) individuals who were still incarcerated on the date the act took effect but who were or would be released and assigned risk levels pursuant to the act (see Doe v Pataki, 3 F Supp 2d 456 [SD NY 1998]). The court held that the plaintiffs were “entitled to due process in the classification proceedings under the Act and that plaintiffs [had] not been afforded the minimal due process protection required by the Constitution” (id. at 459). Judge Chin reasoned that the registration requirements of New York’s SORA not only harmed the reputation of defendants, but also encroached upon the liberty interests of convicted sex offenders to such an extent as to cause them to suffer an impairment of their rights (id. at 468). In response, the New York State Legislature amended the act by providing notice and hearings for individuals similar to those covered by the injunction (see L 1999, ch 453, § 6). The parties ended the litigation through a settlement agreement reached on June 4, 2004, granting hearings to the plaintiff classes in accordance with the procedures required by Judge Chin’s 1998 decision.
As part of amendments to SORA enacted by the New York State Legislature in 2002, two paragraphs detailing additional hearings were added to Correction Law § 168-d (1). The added paragraphs, Correction Law § 168-d (1) (b) and (c), require a court to hold a hearing when a defendant controverts an allegation of an additional factor, such as age of the victim, in order for the offense to be a sex offense as defined under SORA (see Correction Law § 168-a [2]). Under the amended statute, where the sex offense is defined under Correction Law § 168-a (2) (b) and the defendant challenges the allegation that the victim was under 18 years of age, a court must hold a hearing without a jury and determine whether that fact is established by clear and convincing evidence (Correction Law § 168-d [1] [b]). Where the sex offense is defined under Correction Law § 168-a (2) (c) and the defendant challenges the allegation that he or she was convicted of a prior sex offense, a court must hold a hearing without a jury and determine whether that fact is established by clear and convincing evidence (Correction Law § 168-d [1] [c]).
Although these hearings are analogous to the People’s request in this case, neither apply. A court is required to hold a hearing when a defendant challenges an allegation of an additional fac *170 tor not an element of the offenses listed in Correction Law § 168-a (2) (b) or (c) as sex offenses. There are two critical distinctions between those hearings and this case.
First, the defendant in this case was convicted of an offense listed in Correction Law § 168-a (2) (a). Because the offense itself is not sexual in nature, SORA registration is only required if the victim is under 17 years of age. The Legislature has not provided for a hearing to determine an additional factor of an offense listed in Correction Law § 168-a (2) (a). Had this court, or a jury, found the defendant guilty of endangering the welfare of a child in violation of Penal Law § 260.10 (1), the People would have proved the required factor of the age of this particular victim and defendant’s certification as a sex offender would have been mandated.[2] Because the People failed to carry their burden and because the court has concluded that the evidence at trial did not satisfy even the lesser standard of proof by clear and convincing evidence, the court declined to mandate SORA certification at sentencing.
Second, Correction Law § 168-d (1) (b) and (c) require a court to hold a hearing when the defendant contests an additional factor such as the age of the victim. These paragraphs, added as part of the SORA amendments in 2002, are clearly to protect a defendant’s rights. This rationale does not apply to the People. The People’s request for a hearing does not comport with a plain reading of the statue or the underlying principles of it.
Defense counsel argues that reconsideration of SORA certification would violate both constitutional and Criminal Procedure Law article 40 double jeopardy safeguards. Defense counsel, citing People v Warren (80 AD2d 905 [2d Dept 1981]), argues that were the court, on a motion by the People, to reconsider its decision on SORA registration, the defendant would be tried twice for the same offense. In Warren, the court, after the conclusion of the People’s direct case at a bench trial, reviewed the evidence and acquitted the defendant. Thereafter the People were granted leave to present a rebuttal witness and, based on this testimony, the court reversed its decision and convicted the defendant. The Appellate Division reversed the conviction and dismissed the indictment because the grant of leave to reopen the People’s case was a violation of the defendant’s protection against double jeopardy. While Warren clearly presented a double jeopardy issue, reconsideration of SORA certification does not.
*171 The Fifth Amendment of the United States Constitution and New York Constitution, article I, § 6 provide that no person shall be twice placed in jeopardy for the same offense. The prohibition protects against not only a second prosecution but also a second punishment (see People v Brown, 40 NY2d 381, 386 [1976], quoting North Carolina v Pearce, 395 US 711, 717 [1969]). Criminal Procedure Law article 40 details New York’s statutory protection against double jeopardy in the context of multiple prosecutions. While a SORA risk level assessment is not subject to double jeopardy (see Doe v Pataki, 120 F3d 1263 [2d Cir 1997] [holding that the registration requirements of SORA were not punitive]; Matter of M.G. v Travis, 236 AD2d 163 [1st Dept 1997] [holding SORA level determination by parole board does not violate double jeopardy rights of parolee]), a posttrial hearing to determine whether a defendant is to be certified as a sex offender may. The Court of Appeals has held that a defendant’s certification as a sex offender was reviewable on direct appeal from his conviction because it was an inescapable part of his conviction (see People v Hernandez, 93 NY2d 261 [1999], on remand 264 AD2d 783 [2d Dept 1999], lv denied 94 NY2d 863 [1999]). This court permitted the People to reargue an additional factor only relevant for SORA certification that was not an element of the offense for which the defendant was convicted. Considering that hearings are permissible in analogous situations for different offenses only at a defendant’s request, the People’s request might very well violate double jeopardy principles. However, in light of the court’s determination not to hold such a hearing and that, under the trial record, the defendant is not required to register as a sex offender, the question is moot.
Because the People have not met their burden, under either the beyond a reasonable doubt standard or the clear and convincing evidence standard, and have failed to establish that the victim was under the age of 17, the court denies the People’s request to register the defendant as a sex offender.
Because there is no provision under SORA for a hearing on this issue and the court refuses to engraft onto a statute that has been the subject of much litigation and several amendments a provision that the Legislature has not enacted, the People’s request for a hearing on the matter is also denied.

. For the purposes of this opinion the court details only the relevant changes to SORA effecting defendant’s rights to hearings and the duties of the court contained in Correction Law § 168-d.

. Both counts relate to a single incident involving the same victim.