OPINION OF THE COURT
Richard S. Lawrence, J.
In a matter of first impression, the court must decide if double jeopardy attaches where a juvenile delinquency fact-finding hearing has been held, and the petition has been dismissed at the conclusion of the presentment agency’s case.
The juvenile delinquency petition in this matter was dismissed by order dated February 15, 2007 after this court granted the respondent’s oral motion to dismiss for the presentment agency’s failure to make a prima facie case upon the fact-finding hearing.
The presentment agency now moves pursuant to CPLR 2221 for an order granting reargument of the respondent’s motion. Respondent submits in opposition that this motion is procedurally improper and constitutionally barred by double jeopardy. The Presentment Agency’s Argument
The presentment agency moves by way of notice of motion to reargue the order of dismissal entered by this court on February 15, 2007. The presentment agency states that because an appeal of the order of dismissal dated February 15, 2007 is not possible, reargument of the respondent’s motion to dismiss should be granted. The presentment agency brings this motion because of double jeopardy concerns. The presentment agency reasons that should the motion be granted, and the court reverse its earlier decision, the proceeding would continue, eliminating any double jeopardy issue.
The respondent had been charged with the following acts, which if he were 16 years of age, would be criminal mischief in the second degree (Penal Law § 145.10), a D felony; attempted criminal mischief in the second degree (Penal Law §§ 110.00, 145.10), an E felony; criminal mischief in the third degree (Penal Law § 145.05), an E felony; attempted criminal mischief in the third degree (Penal Law §§ 110.00, 145.05), an A misdemeanor; arson in the fourth degree (Penal Law § 150.05), an E felony; criminal mischief in the fourth degree (Penal Law § 145.00 [1]), an A misdemeanor; and attempted criminal mischief in the fourth degree (Penal Law §§ 110.00, 145.00 [1]), a B misdemeanor.
*662 The presentment agency’s motion seeks reargument upon the contention that the evidence presented at the fact-finding hearing sustained the above charges. The presentment agency alleges that this court erred in granting the respondent’s motion to dismiss for two reasons: firstly, that the amount of damages could be proven without expert testimony as to the valuation of damages paid to the victim; and, secondly, that the presentment agency had met the corroboration requirement pursuant to Family Court Act § 344.2 (3).
The presentment agency has submitted a reply emphasizing that this motion is not for a “retrial” and that if its motion were granted, the presentment agency would not be permitted to present its case again, and would be precluded from offering any further evidence. The presentment agency argues that therefore double jeopardy would not attach in this instance.
The Respondent’s Arguments
The respondent opposes the motion for reargument alleging that the motion is improper and that CPLR 2221 does not apply to dispositional orders in juvenile delinquency proceedings. The respondent states that since a juvenile delinquency proceeding is in essence a criminal proceeding, the presentment agency’s request must be barred by the Double Jeopardy Clauses of the United States and New York State Constitutions.
The respondent has submitted a surreply in this matter. Respondent asserts in the surreply that the principle of double jeopardy bars a second trial or any further proceedings.[1] The Fact-Finding Hearing
The fact-finding hearing was held before this court on January 8, 2007, January 9, 2007, January 23, 2007 and February 15, 2007. The presentment agency called the following witnesses to testify: Penny Avenoso, Detective Henry Johnson, Detective Christopher Randazzo and Steven Garms.
The presentment agency rested its case on February 15, 2007. The respondent then made an oral motion to dismiss, contending that the presentment agency had failed to prove a prima facie case. This court granted that oral motion, dismissed the charges, and then issued the order of dismissal dated February 15, 2007.
*663 Decision and Order
The presentment agency moves pursuant to CPLR 2221 to reargue the order of dismissal. CPLR 2221, headed “Motion affecting prior order,” provides:
“(a) A motion for leave to renew or to reargue a prior motion, for leave to appeal from, or to stay, vacate or modify, an order shall be made, on notice, to the judge who signed the order, unless he or she is for any reason unable to hear it, except that:
“1. if the order was made upon a default such motion may be made, on notice, to any judge of the court; and
“2. if the order was made without notice such motion may be made, without notice, to the judge who signed it, or, on notice, to any other judge of the court.
“(b) Rules of the chief administrator of the courts.
The chief administrator may by rule exclude motions within a department, district or county from the operation of subdivision (a) of this rule.
“(c) A motion made to other than a proper judge under this rule shall be transferred to the proper judge.
“(d) A motion for leave to reargue:
“1. shall be identified specifically as such;
“2. shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion; and
“3. shall be made within thirty days after service of a copy of the order determining the prior motion and written notice of its entry. This rule shall not apply to motions to reargue a decision made by the appellate division or the court of appeals.
“(e) A motion for leave to renew:
“1. shall be identified specifically as such;
“2. shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination; and
“3. shall contain reasonable justification for the fail *664 ure to present such facts on the prior motion.
“(f) A combined motion for leave to reargue and leave to renew shall identify separately and support separately each item of relief sought. The court, in determining a combined motion for leave to reargue and leave to renew, shall decide each part of the motion as if it were separately made. If a motion for leave to reargue or leave to renew is granted, the court may adhere to the determination on the original motion or may alter that determination.”
Family Court Act § 165 (a), which must be considered in conjunction with CPLR 2221, provides:
“Where the method of procedure in any proceeding in which the family court has jurisdiction is not prescribed by this act, the procedure shall be in accord with rules adopted by the administrative board of the judicial conference or, if none has been adopted, with the provisions of the civil practice act to the extent they are suitable to the proceeding involved. Upon the effective date of the CPLR, where the method of procedure in any proceeding in which the family court has jurisdiction is not prescribed, the provisions of the civil practice law and rules shall apply to the extent that they are appropriate to the proceedings involved” (emphasis added).
The presentment agency relies on three cases as authority that CPLR 2221 permits reargument: Long v Long (251 AD2d 631 [2d Dept 1998] [involving a motion for leave to reargue a motion to vacate an income execution for child support, the Supreme Court properly exercised its discretion in granting re-argument since it had failed to make the appropriate determination of child support arrears]); Matter of Hoey-Kennedy v Kennedy (294 AD2d 573 [2d Dept 2002] [the Family Court properly exercised its discretion in granting the father’s motion for leave to reargue his objections to the dismissal of his petition for a downward modification of child support]); and Matter of Eveready Ins. Co. v Farrell (304 AD2d 830 [2d Dept 2003] [in a matter brought pursuant to CPLR article 75, the Court properly exercised its discretion in granting the respondent’s motion for leave to reargue the granting of the petition to stay arbitration]).
These cases do not demonstrate that CPLR 2221 may be utilized to reargue an order of dismissal in a juvenile delin *665 quency matter. These cases simply stand for the proposition that a motion for reargument is addressed to the sound discretion of the court which decided the prior motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law or for some other reason mistakenly arrived at its earlier decision. These cases do not show how a motion to reargue would, as the presentment agency contends, ameliorate double jeopardy concerns.
The respondent’s affirmation in opposition argues that the motion to reargue is improper in this case. Respondent argues that while Family Court Act § 345.1 (2)[2] permits the presentment agency to appeal as of right to the Appellate Division, according to respondent there is no authority which authorizes the granting of the motion to reargue.
Respondent cites Matter of Leon H. (83 NY2d 834, 836 [1994]). In that matter, a juvenile delinquency petition was dismissed after a fact-finding hearing based upon a violation of Family Court Act § 350.1. The Appellate Division affirmed the dismissal, but the Court of Appeals reversed and held that the appellate court did not have jurisdiction to hear the appeal. The Court of Appeals determined (at 836) that an
“order dismissing the petition, as was granted by a Family Court in the instant case, is only appealable by a presentment agency to the Appellate Division as of right if the dismissal was made before the commencement of the fact-finding hearing. (Family Court Act § 365.1 [2] [a]). Contrary to the Presentment Agency’s contention here, the order of dismissal, although finally determining this proceeding, was not an order of disposition within the meaning of Family Court Act article 3 (see, Family Ct Act § 352.2), and thus was not appealable pursuant to Family Court Act § 365.1 (2) (b).”
Although that case illustrates the presentment agency’s right to appeal in a juvenile delinquency proceeding, it does not show that CPLR 2221 does not apply to this case. However, the presentment agency may have the right to seek leave to appeal pursuant to Family Court Act § 365.2, but if not, then the sole remedy must be by judicial fiat.
Even if this court were to find that a CPLR 2221 motion were applicable in this juvenile delinquency proceeding as a means to *666 accomplish reargument, it must still examine the issue of double jeopardy.
Black’s Law Dictionary defines double jeopardy as the “[c]ommon-law and constitutional (Fifth Amendment) prohibition against a second prosecution after a first trial for the same offense.” (Black’s Law Dictionary 440 [5th ed 1979].)
Double jeopardy is “designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense.” (Green v United States, 355 US 184, 187 [1957]; see Smalis v Pennsylvania, 476 US 140 [1986]; Matter of Lionel F., 76 NY2d 747 [1990]; People v Suarez, 40 AD3d 143 [1st Dept 2007].)
Criminal Procedure Law § 40.30 (1) (b) states that
“a person ‘is prosecuted’ for an offense . . . when he is charged therewith by an accusatory instrument filed in a court of this state or of any jurisdiction within the United States, and when the action ... in the case of a trial by the court, without a jury, a witness is sworn.”
Jeopardy therefore attaches, in a case without a jury, when a witness is sworn. (See also Matter of Smith v Marrus, 33 AD3d 708 [2d Dept 2006].)
Double jeopardy applies to juvenile delinquency proceedings in the Family Court. (Family Ct Act § 303.2; see Matter of Richard S., 195 Misc 2d 752 [Fam Ct, Queens County 2003].)
Double .jeopardy also bars postacquittal fact-finding Family Court proceedings, whether those proceedings be a second trial or the resumption of a trial which has already been commenced. (See, Matter of Jose R., 83 NY2d 388 [1994].)
Further, double jeopardy prohibits the reopening of a fact-finding hearing in a juvenile delinquency matter to hear additional evidence after the hearing has been terminated in the respondent’s favor. (Matter of Frank K., 87 AD 2d 1003 [4th Dept 1982].) In that case, respondent was placed in jeopardy twice when the fact-finding hearing was reopened to receive additional evidence after an order of dismissal was entered.
This court’s own research has found only one lower court case, which, although not binding on this court, is directly relevant to the instant matter. In Matter of Malik O. (158 Misc 2d 272, 277-280 [Fam Ct, Kings County 1993]), the presentment agency filed a motion to have records unsealed to allow the court to hear reargument pursuant to CPLR 2221 as to whether *667 the Family Court should have vacated its dismissal order dismissing the case against respondents. The Family Court determined (at 278-280) that:
“This court’s research has disclosed no cases where a delinquency order of dismissal was vacated pursuant to CPLR 2221. However, in reviewing the applicable authority, the court finds that there are a number of procedures whereby a court may properly vacate an order in an article 3 proceeding. The presentment agency in the instant case has not met any of the standards as a matter or law.
“First, Family Court Act § 355.1 states that upon a showing of a substantial change in circumstances, the court or the respondent may move for a new fact-finding or dispositional hearing, or to stay, set aside, modify, terminate or vacate any order issued in the course of a proceeding. Moreover, Family Court Act § 355.1 allows only the court, the respondent or his parent or other person legally responsible for his care to file such a motion. The Legislature, in its infinite wisdom, specifically chose not to make this remedy available to the presentment agency. Permitting a modification motion by the presentment agency could raise serious double jeopardy issues. (Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 355.1, at 566; see, Matter of Frank K., 87 AD2d 1003 [4th Dept 1982] [double jeopardy prohibits the reopening of fact-finding to hear additional evidence after hearing has been terminated in respondent’s favor].)
“The presentment agency has not set forth a basis for vacating the dismissals in the interests of justice. The interests of justice standard is one applied to relieve a party of possible injustice. (See, Mejia v Mejia, 82 AD2d 875 [2d Dept 1981].) It has not been interpreted as a means for the prosecution to revive a matter that had been dismissed and is no longer before the court. . . .
“Moreover, the presentment agency’s motion to reargue/vacate was not made in the context of a continued proceeding. It seeks to restore sealed delinquency petitions no longer before the court. The cases found by this court regarding vacatur of a juvenile delinquency order involve matters that the *668 court had continued jurisdiction over. Such is not the case here.” (Emphasis added.)
In contrast, in Matter of Lionel F. (76 NY2d 747 [1990]) (which is cited by the presentment agency), the Court of Appeals held that respondent had not been placed in jeopardy twice by the Family Court’s reconsideration and vacatur of its decision to dismiss certain counts. The Court determined (at 749) that:
“There is no constitutional impediment to a court’s power to modify its decisions, provided such a modification does not subject an individual to double jeopardy. In this case the court’s actions did not result in a violation of respondent’s constitutional rights. At the time the court vacated its earlier ruling, the proceeding was still pending before it. The court had not decided the respondent’s motion in its entirety. It entertained reargument while part of the motion to dismiss remained under advisement and before the evidence was closed. Under the circumstances, the court’s original decision was not an acquittal for purposes of double jeopardy and its immediate vacatur of its earlier ruling did not subject respondent to a second trial.” (Citations omitted; emphasis added.)
In the case at bar, the presentment agency brought the motion to reargue after the entry of the order of dismissal. A CPLR 2221 motion may have possibly been appropriate if made during the continuation of the fact-finding hearing. The court would have been free to consider the presentment agency’s argument at that time without the constraint of double jeopardy. However, it is not permissible now. Jeopardy attached when the court granted the respondent’s oral motion to dismiss and entered the order of dismissal. Jeopardy now bars the “rehearing” or the reargument of this case. The court therefore cannot “restore” the juvenile delinquency petition for further proceedings.
As this court has found that double jeopardy has attached in this matter, the court will not address the presentment agency’s remaining contentions.
The presentment agency’s motion is denied in its entirety.

. CPLR 2214 does not provide for the filing of surreply papers. However, this court will consider the respondent’s surreply in deciding this motion as a court has the discretion to determine whether to accept papers not in conformance with controlling statutes or rules and to regulate the motion practice before it. (See Held v Kaufman, 238 AD2d 546 [2d Dept 1997], mod on other grounds 91 NY2d 425 [1998].)

. The court will presume that the respondent’s reference to Family Court Act § 345.1 is a typographical error, and that he is referring to Family Court Act § 365.1.