In the Matter of CODY D., Appellant. ONEIDA COUNTY ATTORNEY, Respondent. [870 NYS2d 658]—

Memorandum: Respondent appeals from an order adjudicating him to be a juvenile delinquent based on the finding that he committed acts that, if committed by an adult, would constitute the crimes of rape in the first degree (Penal Law § 130.35 [3]) and criminal sexual act in the first degree (§ 130.50 [3]). We reject the contention of respondent that Family Court erred in refusing to suppress his statement to the police. The court determined that respondent was advised of his *Miranda* rights in the presence of his mother and that he, along with his mother, waived those rights prior to the time that respondent was questioned. We accord great deference to "the determination of the suppression court with its peculiar advantages of having seen and heard the witnesses" (*People v Prochilo*, 41 NY2d 759, 761 [1977]), and we see no reason to disturb that determination.

We conclude that respondent's reliance on *Haley v Ohio* (332 US 596 [1948]) is misplaced. In that case, the juvenile was subjected to five hours of questioning by a team of interrogators without counsel or family present (*see id.* at 598). Here, respondent was questioned by a single police officer for a briefer period of time, and respondent's mother was present at the police station where the questioning took place.

We further conclude that the court did not err in allowing petitioner to reopen its case after it had rested to present corroborating evidence pursuant to Family Court Act § 344.2 (3). The evidence that petitioner sought to present was " 'simple to prove and not hotly contested . . . [and, t]hus, the[re was no] possibility of seriously disrupting the trial process or unduly prejudicing [respondent]' " (*People v Whipple*, 97 NY2d 1, 7 [2001]). We reject the contention of respondent that he was thus placed in double jeopardy, inasmuch as the hearing had not yet been terminated in his favor (*see generally Matter of Frank K.*, 87 AD2d 1003 [1982]). Finally, we have reviewed respondent's remaining contention and conclude that it is without merit. Present—Scudder, P.J., Martoche, Smith, Green and Gorski, JJ.